IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | CV-10-403 |
| v. ) | |
| MOBILE COMMUNITY ACTION, INC., ) | C O M P L A I N T |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| _____ ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Donte Bumpers ("Bumpers") who was adversely affected by such practices. As alleged with greater particularity below, the Commission alleges that Mobile Community Action, Inc. ("Defendant" or "Employer") violated Title VII of the Civil Rights Act of 1964 ("Title VII") by terminating Bumpers' employment after he opposed sexually discriminatory practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

Section 706(f) (1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Mobile Community Action, Inc. (the "Employer"), has continuously been a corporation incorporated and existing under the laws of the State of Alabama. The Employer has continuously been doing business in the State of Alabama and the City of Prichard, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Donte Bumpers filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 19, 2008, Defendant engaged in unlawful employment practices at its main office in Prichard, Alabama, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The practices include discriminatory discharge of Donte Bumpers for opposing workplace sexual harassment by a female supervisor.

8. In particular, during the course of his employment, which began April 10, 2007, Donte Bumpers was subjected to numerous instances of unwanted, unwelcome and offensive sexual remarks and sexual touching by a female supervisor. As part of the sexually hostile work environment, the supervisor subjected him to other adverse terms and conditions, including requiring him to perform demeaning personal tasks unassociated with his job responsibilities.

9. Approximately ten (10) days after the last complaint, on or about March 19, 2008, Bumpers' employment was terminated during a meeting with the Executive Director. In one letter dated March 20, 2008, Defendant advised

Bumpers that he was terminated as of March 21, 2008 "due to the adverse effect this serious allegation has caused."

10. The effect of the practice(s) complained of above has been to deprive Donte Bumpers of equal employment opportunities and otherwise adversely affect his status as an employee.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Donte Bumpers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation and any other employment practice which discriminates on the basis of sex or retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who

oppose practices made unlawful under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Donte Bumpers by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

  D. Order Defendant to make whole Donte Bumpers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained above, including any relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make whole Donte Bumpers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

  F. Order Defendant to pay Donte Bumpers punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

THE COMMISSION REQUESTS A JURY TRIAL ON ALL QUESTIONS OF FACT RAISED BY ITS COMPLAINT.

        P. DAVID LOPEZ
        General Counsel

        JAMES E. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        131 M Street Northeast
        Fourth Floor
        Washington, D.C. 20507
        Tel No. (202) 663-4900

        C. EMANUEL SMITH
        Regional Attorney
        MS State Bar No. 7473

/s/ Julie Bean
Julie Bean
DC Bar No. 433292
Supervisory Trial Attorney

/s/ Gerald L. Miller
Gerald L. Miller
Ala. State Bar No. ASB-1454-E52G

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1130- 22nd Street South
Suite 2000
Birmingham, AL 35205
Tel No. (205) 212-2047
Fax: (205) 212-2041