## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.:   1:10-cv-0403-KD-M |
| MOBILE COMMUNITY ACTION, INC., | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action against Mobile Community Action, Inc. ("MCA" or "Defendant") on July 30, 2010, in this Court, to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In the Complaint, the Commission alleged that MCA retaliated against Donte Bumpers ("Bumpers") for opposing sexual harassment in the workplace in violation of Title VII.

MCA denies all allegations of unlawful or wrongful conduct raised in the underlying complaint, and nothing stated in this Consent Decree constitutes an admission of liability or wrongdoing on the part of MCA.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  Venue is appropriate in the Southern District of Alabama (Southern Division). The parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy.  The Title VII rights of MCA and the Commission are protected adequately by this Consent Decree.

The Commission and MCA (the "Parties") do not object to the jurisdiction of this Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  Venue is proper in the U.S. District Court for the Southern District of Alabama, (Southern Division). The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy.  The Title VII rights of MCA and the Commission are protected adequately by this Consent Decree.

In the interest of resolving this matter, and to avoid the expense of further litigation, the Parties have agreed that this action should be resolved by entry of this Consent Decree.

It is ORDERED, ADJUDGED AND DECREED:

1.      This Consent Decree resolves all claims arising out of the issues between the Commission and Defendant MCA in this lawsuit including, without limitation, back pay, compensatory and punitive damages, injunctive relief, and costs, including interest.  This Consent Decree, including Exhibit A, is limited in its scope to matters covered explicitly herein, and comprises and constitutes the entirety of the terms and conditions of the resolution agreement between the Commission and Defendant MCA.

2.      Defendant and its officers, agents, employees, successors, and assigns, both at the time that this Consent Decree becomes effective and for the duration of

this Consent Decree, shall comply with Title VII prohibitions against sex discrimination, including sexual harassment.

3.     Defendant shall not retaliate against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination with the Commission or any state agency that enforces employment-related anti-discrimination laws, or assists, assisted, participates, or participated in the filing of a charge of discrimination with the Commission or any state agency that enforces employment-related anti-discrimination laws; or (iii) assists, assisted, participates or participated in an investigation or proceeding conducted by the Commission or any state agency that enforces employment-related anti-discrimination laws.

4.     MCA shall enforce in its workplace, without limitation, the anti-discrimination and anti-retaliation provisions of Title VII.

5.     This Consent Decree shall become effective at that time it is entered by the Court, and shall be in effect for sixty (60) months from the date of its entry by the Court.   This Consent Decree shall apply to Defendant's employees, supervisors and managers at all of its operations, and at each of its facilities and locations, in the State of Alabama.

## MONETARY RELIEF

5.      MCA shall pay the total amount of sixty-five thousand dollars

($65,000) to Donte' Bumpers for backpay and compensatory damages, plus

reasonable attorney fees to his attorney of record in the intervenor action filed in

this case.

6.      MCA's payment to Donte' Bumpers shall be issued by certified check

made out to both Donte' Bumpers and his attorney of record in the intervenor

action filed in this case.  The certified check shall be mailed directly to Donte'

Bumpers' counsel of record, by certified mail, within 21 days from the date of the

entry of this Consent Decree.

7.      At the same time that Defendant mails the certified check to Donte'

Bumpers' attorney of record, Defendant shall also mail a copy of the certified

check to the attention of the Regional Attorney, Equal Employment Opportunity

Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street

South, Suite 2000, Birmingham, AL 35205. MCA will issue applicable United

States Internal Revenue Service Forms to Donte' Bumpers for all such payments by

February 10, 2012.

8.      Donte' Bumpers' receipt of payment pursuant to this Consent Decree

shall not be conditioned on his agreement to (a) maintain as confidential the terms

of this Consent Decree, or (b) waive his statutory rights to file a charge of

unrelated to the claims and allegations underlying this Complaint with the Commission or any state or federal agency that enforces employment-related anti-discrimination laws.

## PERSONNEL MATTERS

9.    Within 30 days of the effective date of this Consent Decree, MCA shall convert the basis and designation of Donte' Bumpers' separation of employment from MCA from "termination" to "voluntary resignation."   The conversion shall be reflected in Defendant's documents, records and files (electronic or otherwise), including Donte's Bumpers' personnel files, with the removal/expungement of any documents and information reflecting that Donte' Bumpers was terminated or discharged.   All of Defendant's documents, records and files (electronic or otherwise), including Donte' Bumpers' personnel files, shall be changed to reflect that Donte' Bumpers "voluntarily resigned" his position with MCA.   In the event Defendant is contacted by third-party employers seeking information regarding Donte' Bumpers' employment with Defendant, Defendant shall state only Donte' Bumpers' period of employment, his position while employed by Defendant, and that he voluntarily resigned.

10.    Defendant shall maintain a confidential file containing Donte' Bumpers' written allegations against his alleged harasser, and all documents generated by or associated with the investigation of his allegations, and related to

his charge of discrimination filed with the Commission.  Nothing related to Donte'
Bumpers' allegations of harassment and retaliation shall be maintained in his
personnel file or any file referenced or used to respond to third-party employer
inquiries. MCA shall not disclose the contents of said confidential file, in whole or
in part, to any third-party, except when and where required by applicable statute,
rule, regulation, or by an authorized local, state or federal agency, or by a court of
competent jurisdiction, or for accounting, tax, requisite government agency
reporting, insurance and/or reinsurance purposes.

## POLICIES AND PROCEDURES

11.    MCA shall develop, implement, and disseminate new sexual
harassment and retaliation policies and procedures to all of its employees,
supervisors and managers within one hundred twenty (120) days of the effective
date of this Consent Decree.  The new policies and procedures shall include the
following:

A.    a statement that MCA is committed to the following:  preventing and
correcting sexual harassment and retaliation in its workplace; conducting
prompt, good faith investigations of allegations, reports and complaints of
sexual harassment and retaliation; taking prompt corrective and remedial
action when it determines sexual harassment and retaliation to have
occurred; and taking steps to ensure that victims of, and witnesses to,  sexual

harassment and retaliation, or employees who oppose, or participate in investigations of, sexual harassment and retaliation are not subjected to retaliation;

B. a provision for the training of employees, supervisors and managers on (i) how to prevent, recognize and address sexual harassment and retaliation, (ii) employee, supervisor and manager rights and obligations under Title VII and this Consent Decree, and (iii) the extent of confidentiality and protection from retaliation that employees will be afforded when they report sexual harassment and retaliation, or participate in investigations of sexual harassment and retaliation;

C.    a procedure for employees to report actual or perceived sexual harassment and retaliation, including how, and to whom, employees, supervisors and managers may report sexual harassment and retaliation;

D.    a procedure for MCA to conduct lawful, prompt, non-harassing, victim-sensitive, good-faith investigations into known, or reported, sexual harassment and retaliation;

E.    assurance that MCA shall protect the confidentiality of sexual harassment and retaliation complainants, victims, and witnesses to the extent reasonably possible, including not disclosing the identities of complainants, victims and witnesses, or their allegations, except on a  need-to-know basis,

7

or when and where required by applicable statute, rule, regulation, or by an authorized local, state, or federal ·agency, or by a court of competent jurisdiction, or for accounting, tax, requisite agency reporting, insurance, and/or reinsurance purposes;

F.      a procedure for documenting and recording allegations, complaints and reports of sexual harassment and retaliation;

G.      a procedure for maintaining and retaining all documents, electronic recordings, and other physical evidence and information generated by, involving or relating to allegations, complaints and reports of sexual harassment and retaliation;

H.      a procedure for maintaining and retaining all documents, electronic recordings, and other physical evidence and information generated by, involving or relating to the investigation of workplace sexual harassment and retaliation;

I.      a provision mandating disciplinary action, up to and including termination, against employees, supervisors and managers who engage in sexual harassment, or who retaliate against employees, supervisors and managers who engage in activity protected by Title VII;

J.     a provision that makes implementation of, and compliance with, MCA's sexual harassment and retaliation policies and procedures a factor in each manager's and supervisor's performance evaluation;

K.     a provision that provides for disciplinary action, up to and including termination, of supervisors and managers who fail to implement or comply with the Title VII and MCA sexual harassment and retaliation policies and procedures.

12.   MCA shall send a copy of the policies and procedures required by this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 120 days following the effective date of this Consent Decree, or ten (10) days following the first dissemination to employees, whichever date is sooner.

13.   MCA shall provide a copy of the policies and procedures required by the Consent Decree to all new employees within three (3) days of their hire.

14.   MCA shall post its policies and procedures required by this Consent Decree in prominent locations frequented by employees in each of its locations and facilities.

## APPOINTMENT OF QUALIFIED CONSULTANT

15.   Within thirty (30) days of the effective date of this Consent Decree, MCA shall appoint a qualified consultant or management-level employee who

9

shall assist it in meeting its obligations, particularly policy and procedure development and implementation, investigations, and training, under this Consent Decree.   The appointee shall have substantial training, and be objectively experienced in, the area of EEO compliance, including in conducting Title VII sexual harassment and retaliation investigations, and training employees and managers in the area of sexual harassment and retaliation.  The appointment shall last for the entire period of the Consent Decree.

16.    The qualified consultant or management-level employee described in this section shall conduct the investigations required by this Consent Decree.

17.    MCA shall submit the name, address, telephone number, and resume of the qualified consultant or management-level employee described in this section to the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205 within sixty (60) days of the effective date of this Consent Decree.

18.    Defendant shall not discipline nor retaliate against the consultant or management-level employee described in this section because he or she engaged in good faith actions to effect this Consent Decree and Defendant's policies and procedures, or comply or ensure compliance with Title VII.

19.    In the event the qualified consultant's employment with MCA ends prior to the expiration of this Consent Decree, Defendant MCA shall appoint a new qualified consultant as described in the section within thirty (30) days and submit to the Commission within thirty (30) days of said new appointment the requisite information as set forth in Paragraph 17

## CORRECTIVE ACTION

20. .MCA shall conduct lawful, prompt, non-harassing, victim-sensitive, and good-faith investigations into known or reported incidents/events of sexual harassment and retaliation.  During each investigation, all identified and potential victims and witnesses must be interviewed, a review of all relevant documents and physical evidence must be conducted, victim and witness statements must be obtained, and concurrent notes of all victim and witness interviews must be generated.  All documents related to known or reported sexual harassment and retaliation, including the report described above,  and any other document created, generated, reviewed, or collected during the investigation, shall be maintained in a confidential file during the entire pendency of this Consent Decree.

21.    If Defendant finds or concludes that sexual harassment and retaliation occurred,  or is occurring in its workplace, Defendant shall take immediate corrective action up to, and including, imposing discipline on perpetrators of sexual harassment and retaliation, and on supervisors, managers, and/or HR

employees who fail to address known or reported sexual harassment and retaliation, imposing mandatory training, and taking personnel actions. Defendant shall notify the victim and/or complainants of the corrective action taken.

22.     Within thirty (30) days of every known or reported incident of sexual harassment and retaliation, Defendant shall create/generate a report which includes the names of all witnesses and victims, a summary of the facts alleged, a finding as to whether sexual harassment and retaliation occurred, and a description of any action taken or not taken in response to the finding. MCA shall send each report to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama  35205 every 120 days following the effective date of the Consent Decree.

## TRAINING

23.     MCA shall provide training on the requirements of Title VII on the following terms:

(a)     Within 120 days of the effective date of this Consent Decree, MCA shall provide training to all of its employees, supervisors, managers, Executive Director and all persons serving on its Board of Directors on employee and management rights and obligations under Title VII, to specifically include Title VII's prohibitions against sexual harassment and retaliation, and on MCA's

policies and procedures against sexual harassment and retaliation.  The training shall be repeated once during each 12-month period following the completion of the first training mandated by this Consent Decree.

(b)    The training shall include a description and examples of types of behavior which alone, or combined with other behaviors, could constitute sexual harassment and retaliation.  The training also shall explain the steps employees may take to report harassment, and contain assurances of confidentiality and non-retaliation  In the event and to the extent applicable and statutory law regarding sexual harassment and retaliation is revised, supplemented and/or amended during the period said training is to be conducted, MCA shall, within a thirty days following any such changes, modify said training to the extent necessary so as to be consistent and in compliance with current law.

(c)    Each training session shall last two hours, and Defendant shall generate a registry containing signatures of all persons in attendance at each training session, with each such person to sign in both before and at the conclusion of the training session and the respective time for  each.  Each registry and all training materials shall be retained by MCA for the duration of the Consent Decree.

(d)    Each training session shall be conducted in accord with an outline prepared at least one week in advance of the training. Within thirty (30) days

13

following each training session, copies of the registry and outline described in this section shall be sent by certified mail to the EEOC Birmingham District Office, to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205. Acceptance or review of these materials by EEOC shall not constitute approval of the said materials, but may be retained for compliance purposes.

(e) During the term of the Consent Decree, MCA shall provide a 1-hour training session, covering the areas described in Subpart (a) above, to each new employee (including managers, executive directors, and members of its Board of Directors) within thirty (30) days after the employee's hire. However, all employees shall be required to attend the bi-annual training described in Subpart (a). Written proof of a new employee's attendance at an abbreviated training session shall be delivered to the EEOC Regional Attorney at the address set forth above within thirty (30) days after the training.

## POSTING OF NOTICE

24.    Within thirty (30) business days after entry of this Consent Decree, MCA shall post 8½-inch-by-11-inch sized copies of the Notice attached as **Exhibit A** to the Consent Decree on all bulletin boards and any other locations where MCA regularly posts announcements and notices required by federal and/or state law, or

notices of employment-related policy or practice changes to employees, except that the Notice shall not contain the header "Exhibit A". MCA shall send by certified mail a copy of the signed Notice, and a written certification by the Executive Director of the date(s) and location(s) of its posting, to the attention of the Regional Attorney of EEOC's Birmingham District Office, at the address set forth above, within ten (10) days of the posting. MCA shall permit a representative of the EEOC to enter MCA's premises at any time during normal business hours for the purpose of verifying compliance with this paragraph. MCA shall take all reasonable steps to ensure that the posting is not altered, defaced, covered by any other material, or removed. Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, MCA shall re-post promptly a legible copy in the same manner as heretofore specified. The posted Notice shall be the same type, style and size as the printing on Exhibit A and shall bear the signature of the Executive Director of MCA.

## COSTS AND ATTORNEY FEES

25.    The Defendant shall bear its own attorney's fees and costs incurred in this action.

## DURATION OF THIS CONSENT DECREE

26.     The duration of this Consent Decree shall be sixty (60) months from the date of its entry by the Court.  This Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which time the Commission may petition this Court for compliance with this Consent Decree.  Should the Court determine that Defendant has not complied with this Consent Decree, the Court may order appropriate relief, including but not limited to, the extension of this Consent Decree for such a period as the Court deems necessary.  Absent extension by order of the Court, this Decree shall expire by its own terms at the end of sixty (60) months from the date of entry, without further action by the Parties.

The Commission and MCA agree to the entry of this Consent Decree subject to final approval by the Court.

**APPROVED AND CONSENTED TO:**

**ON BEHALF OF PLAINTIFF EEOC:**

C. EMANUEL SMITH
Regional Attorney

JULIE BEAN
Supervisory Trial Attorney

MARSHA L. RUCKER

Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**ON BEHALF OF DEFENDANT MOBILE COMMUNITY ACTION:**

Authorized Representative
MOBILE COMMUNITY ACTION, INC.

CARTER R. HALE
One of the Attorneys for Defendant

IT IS SO ORDERED.

DATE                    U. S. DISTRICT COURT JUDGE

17

## "EXHIBIT A"

## NOTICE TO ALL EMPLOYEES OF MOBILE COMMUNITY ACTION, INC.

It is unlawful under Title VII of the Civil Rights Act 10 1964, *as amended*, ("Title VII") to discriminate against an employee on the basis of sex, including engaging in sexual harassment.  It also unlawful to retaliate against any person because the person engaged in any activity protected by Title VII, including opposing discriminatory conduct, or contacting or having contact with the EEOC.

If you believe you or any other person has been subjected to sex discrimination, including sexual harassment, during the course of your employment with Mobile Community Action, Inc. you may contact the EEOC for assistance.

Title VII protects you from retaliation by Mobile Community Action, Inc.  for (1) opposing discriminatory practices made unlawful by Title VII, (2) filing a charge or assisting or participating in the filing of a charge of discrimination under Title VII, or (3) assisting or participating in an investigation or proceeding brought under Title VII.  If you believe you or any other person is being retaliated against in violation of Title VII you may contact EEOC for assistance.

a.    EEOC, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205, (205) 212-2000; or

b.    EEOC, 63 South Royal Street, Suite 504, Mobile, AL 36602, (251) 690-3001.

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000,  1130 – 22nd Street South, Birmingham, Alabama 35205.**

18

Dated: _____

_____
On Behalf of Mobile Community